UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                    Case No. 8:19-cv-2562-T-33SPF

UNIVERSAL MUSIC GROUP, ISLAND
DEF JAM GROUP, ESTATE OF
SHAKIR STEWART, and RICK ROSS,

    Defendants.
_____/

**ORDER**

This cause is now before the Court on the following motions:

(1) <u>Plaintiff's Motion to Serve the Defendant Island Def Jam Group at a New Principal Place of Business (PPB) and/or Nerve Center in New York (Doc. 15)</u>

While Plaintiff has completed and returned the "Process Receipt and Return" USM-285 form for Defendant Island Def Jam Group with the new requested address, Plaintiff has not completed and returned the corresponding "Summons in a Civil Action" AO 440 form. *See* Doc. 7. As such, Plaintiff's Motion to Serve the Defendant Island Def Jam Group at a New Principal Place of Business (PPB) and/or Nerve Center in New York (Doc. 15) is **GRANTED**, but Plaintiff is **DIRECTED** to complete and return the "Summons in a Civil Action" AO 440 form to the Clerk within twenty-one (21) days, whereupon the United States Marshal is **DIRECTED** to serve the summons on Defendant Island Def Jam Group.

(2) <u>Plaintiff's Motion to Subpoena Witnesses (Doc. 16)</u>

Plaintiff explains that he "may need to subpoena" witnesses pursuant to Rule 45 of the Federal Rules of Civil Procedure as he "expects that this case will proceed to discovery."

Plaintiff's motion is premature and unnecessary. Pursuant to Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…." Fed. R. Civ. P. 26(d)(1). After the Defendants are served with process, the parties will confer and file a case management report with the Court. The Court's subsequent case management and scheduling order will, in turn, set the deadlines and parameters for discovery and dispositive motions. *See* Doc. 5. Accordingly, Plaintiff's Motion to Subpoena Witnesses (Doc. 16) is **DENIED**.

(3) <u>Plaintiff's Motion to Compel Discovery (Doc. 17)</u>

Plaintiff moves the Court, "pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure," to compel discovery because "[d]iscovery may be preferable over arbitration and Alternative Dispute Resolution (ADR)." This motion appears to be requesting discovery over arbitration. This Court, however, does not refer cases to arbitration as a matter of course, which renders this motion unnecessary. As such, Plaintiff's Motion to Compel Discovery (Doc. 17) is **DENIED**.

(4) <u>Plaintiff's Motion to Compel Arbitration (Doc. 18)</u>

Plaintiff has filed this motion in the alternative to his Motion to Compel Discovery (Doc. 17). Plaintiff prophylactically requests that an arbitration panel be appointed by the Court in compliance with the American Arbitration Association if the Court prefers to compel arbitration as opposed to granting Plaintiff's Motion to Compel Discovery. As discussed above, this Court does not refer cases to arbitration as a matter of course. Plaintiff's Motion to Compel Arbitration (Doc. 18) is **DENIED**.

(5) <u>Plaintiff's Second Motion in Limine to Introduce Extrinsic Evidence of Copyright Ownership (Doc. 19)</u>

Plaintiff seeks to introduce evidence of his copyright ownership of a sound recording unrelated to this case in order to prove that Plaintiff always exercises due diligence in copyrighting his music when he records a new song. Motions in limine are more appropriately decided at or immediately prior to trial. To the extent applicable, Plaintiff is also advised that discovery materials are filed only in limited circumstances, including if ordered by the Court, if necessary to the presentation or defense of a motion, or if required by law or rule. *Middle District Discovery* (2015) at I(C)(1). As such, Plaintiff's Second Motion in Limine to Introduce Extrinsic Evidence of Copyright Ownership (Doc. 19) is **DENIED**.

(6) <u>Plaintiff's Motion to Have the Court Appoint an Attorney for the Plaintiff (Doc. 21)</u>

Plaintiff seeks to have the Court appoint counsel to represent him. A court has discretionary authority to appoint counsel for indigent litigations in civil actions. 28 U.S.C. § 1915(e)(1). The appointment of counsel in civil cases is a privilege and not a constitutional right. *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983). Appointment of counsel is warranted only in "exceptional circumstances," and whether such circumstances exist is committed to the district court's discretion. *Steele v. Shah,* 87 F.3d 1266, 1271 (11th Cir. 1996). Exceptional circumstances may exist where the facts and legal issues are so complex that the assistance of a trained practitioner is required. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). In this case, there are no exceptional circumstances that would require appointment of counsel. Plaintiff, like any litigant, undoubtedly would benefit from assistance of counsel; however, this case is not so unusual and does not present exceptional

circumstances requiring appointment of counsel. Plaintiff's Motion to Have the Court Appoint an Attorney for the Plaintiff (Doc. 21) is **DENIED**.

Plaintiff is encouraged to consult the "Proceeding Without Lawyers" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. And, the Tampa Bay Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m., on the 2nd floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Ave, Tampa, Florida. Through that program, pro se litigants may consult with a lawyer on a limited basis for free. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/legal-information-program.

**ORDERED** in Tampa, Florida, on December 19, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE